SUMMARY ORDER
Plaintiff-appellant Joel Friedman appeals a January 28, 2008 judgment of the District Court granting summary judgment to defendants in plaintiffs action asserting a claim for tortious interference with prospective economic advantage. See Friedman v. Coldwater Creek, Inc., 551 F.Supp.2d 164 (S.D.N.Y.2008). On appeal, plaintiff argues that the District Court “grossly misconstrued]” New York law[1] insofar as the Court held that plaintiff failed to establish that (1) defendants’ alleged misrepresentations to plaintiffs employer amounted to “wrongful means” in interfering with plaintiffs prospective economic advantage and (2) defendants used undue economic pressure to force plaintiffs employer to terminate his employment. See Appellant’s Br. at ix. We assume the parties’ familiarity with the facts and procedural history of the case.
We review a district court’s grant of summary judgment de novo, construing the record in the light most favorable to the non-moving party. See, e.g., Hoyt v. Andreucci, 433 F.3d 320, 327 (2d Cir.2006). “An order granting summary judgment will be affirmed only when no genuine issue of material fact exists and the mov-ant is entitled to judgment as a matter of law.” Riegel v. Medtronic, Inc., 451 F.3d 104, 108 (2d Cir.2006) (citing Fed.R.Civ.P.56(c)).
Under New York law, in order to make out a prima facie case for tortious interference with prospective economic advan *60 tage, a plaintiff must establish “(1) that [he] had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant’s interference caused injury to the relationship.” Kirch v. Liberty Media Corp., 449 F.3d 388, 400 (2d Cir.2006). The New York Court of Appeals has explained that, “as a general rule, a defendant’s conduct must amount to a crime or an independent tort” in order to amount to tortious interference with a prospective economic advantage. Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190, 785 N.Y.S.2d 359, 818 N.E.2d 1100 (2004). A defendant who has not committed a crime or independent tort or acted solely out of malice may nevertheless be liable if he has employed “wrongful means.” “ ‘Wrongful means’ include physical violence, fraud or misrepresentation, civil suits and criminal prosecutions,” Guard-Life Corp. v. S. Parker Hardware Mfg. Corp., 50 N.Y.2d 183, 428 N.Y.S.2d 628, 406 N.E.2d 445 (1980) (quoting and citing Restatement (Second) of Torts § 768, Comment e; § 767, Comment c), and “ ‘extreme and unfair’ economic pressure.” Carvel, 3 N.Y.3d at 190, 785 N.Y.S.2d 359, 818 N.E.2d 1100.
In this case, plaintiff alleges that defendants employed “wrongful means” when, according to plaintiff, defendant McConnell falsely informed plaintiffs employer that she had previously discussed plaintiffs rude and inappropriate behavior with plaintiff before calling his employer. According to plaintiff, defendant McConnell’s alleged misrepresentation is sufficient to sustain his claim. We disagree. The New York Court of Appeals has never held that any misrepresentation to a third party is sufficient to sustain a claim for tortious interference with prospective economic relations. The conduct alleged here bears no resemblance to the “more culpable” conduct discussed by the New York Court of Appeals in Caivel. See Carvel, 3 N.Y.3d at 190, 785 N.Y.S.2d 359, 818 N.E.2d 1100. Under the circumstances of this case, defendant McConnell’s alleged misrepresentation does not suffice to establish wrongful means. Nor did defendants apply “extreme and unfair economic pressure.” Id.
Accordingly, we hold that the District Court did not err in granting summary judgment to defendants. The January 28, 2008 judgment of the District Court is AFFIRMED.

. The District Court's jurisdiction arose from the parties’ diversity of citizenship, see 28 U.S.C. § 1332, and it is undisputed that New York law governs plaintiff's claim.